UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KEVIN FELICHKO, <br><br> Plaintiff, <br><br> v. <br><br> HARRY SCHECHTER, JEREMY MACDONALD, SCHECHTER TECH LLC D/B/A TEMPALERT LLC, and DIGI INTERNATIONAL INC., <br><br> Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL[1]

Defendants Harry Schechter ("Schechter"), Jeremy MacDonald ("MacDonald"), and Schechter Tech LLC d/b/a Tempalert LLC ("Schechter Tech") (collectively, the "Removing Defendants"), by and through the undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 103, and with full reservation of all available defenses, hereby remove the action styled *Felichko v. Schechter, et al.*, filed in the Circuit Court for Frederick County, Maryland, Case No.: C-10-CV-18-000272 (the "Action") to the United States District Court for the District of Maryland, Northern Division. Removal is proper because this Court has diversity jurisdiction over this Action pursuant to 28 U.S.C. § 1332. Accordingly, the Removing Defendants remove this Action, and in support of their Notice of Removal, the Removing Defendants, consented to by Defendant Digi International Inc. ("Digi"), state as follows:

---

[1] This Notice of Removal is made without waiver of, but rather in full preservation of, all defenses that may be available to the Removing Defendants and Digi including, but not limited to, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Fed. R. Civ. P. 19.

## I. BACKGROUND

1. On or about April 6, 2018, Plaintiff Kevin Felichko ("Plaintiff") filed a Complaint in the Action attempting to allege twelve (12) causes of action, including (1) Count I "Unjust Enrichment – Unit Options"; (2) Count II "Unjust Enrichment – Intellectual Property"; (3) Count III "Breach of Contract – Covenants of Good Faith and Fair Dealing – The Company and Harry Schechter"; (4) Count IV "Breach of Contract – Stock Options – The Company"; (5) Count V "Declaratory Judgment – Ownership of Patents"; (6) Count VI "Declaratory Judgment – Ownership of Units"; (7) Count VII "Constructive Fraud"; (8) Count VIII "Fraud"; (9) Count IX "Negligent Misrepresentation"; (10) Count X "Intentional Interference with Prospective Economic Advantage"; (11) Count XI "Bad Faith Termination"; and (12) Count XII "Injunction."

2. On or about April 17, 2018, the Removing Defendants first received a copy of the Complaint that seeks to allege the above causes of action. True and legible copies of all process, pleadings, documents, orders, and other papers or exhibits of every kind then on file in the Circuit Court for Frederick County, Maryland are attached hereto as **Exhibits "A" through "L."**

3. The Complaint alleges that Plaintiff Felichko is "an adult individual who resides in Frederick County, Maryland." Compl. ¶2. Felichko is a citizen of the State of Maryland.

4. The Complaint alleges that Defendant Schechter is "an adult individual who resides in Massachusetts." Compl. ¶3. Schechter is a citizen of the State of Massachusetts. Accordingly, Schechter does not reside nor has citizenship in the State of Maryland for purposes of determining diversity jurisdiction.

5. The Complaint alleges that Defendant MacDonald is "an adult individual who resides in Massachusetts." Compl. ¶4. MacDonald is a citizen of the State of Massachusetts.

Accordingly, MacDonald does not reside nor has citizenship in the State of Maryland for purposes of determining diversity jurisdiction.

6.  The Complaint alleges that Defendant Schechter Tech is "a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Boston, Massachusetts." Compl. ¶5. Schechter Tech's members include Schechter and MacDonald, who are both citizens of the State of Massachusetts. Accordingly, Schechter Tech is a citizen of both the State of Delaware, the state in which it is incorporated in, and the State of Massachusetts, the state where its members are citizens. Accordingly, Schechter Tech does not have citizenship in the State of Maryland for purposes of determining diversity jurisdiction

7.  The Complaint alleges that Defendant Digi is "a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Minnetonka, Minnesota." Compl. ¶6. Digi is a citizen of both the State of Delaware and the State of Minnesota. Accordingly, Digi does not have citizenship in the State of Maryland for purposes of determining diversity jurisdiction.

8.  The Complaint alleges damages in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00). In accordance with 28 U.S.C. § 1446, where removal is sought based on diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2).

9.  The Removing Defendants deny the allegations in the Complaint, deny that Plaintiff has stated a claim for which relief may be granted, and deny that Plaintiff has been damaged in any manner whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed his Complaint in this Court on the principles of diversity jurisdiction because, as expounded upon below, (1) the amount in

34844859.1

controversy exceeds Seventy Five Thousand and 00/100 Dollars ($75,000.00), and (2) the parties are completely diverse.

## II. BASIS FOR JURISDICTION

10. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

11. This claim could have been filed originally in this Court pursuant to 28 U.S.C. § 1332, as this Court has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." As a result, this Court has diversity jurisdiction, and this Action, originally brought in the Circuit Court for Frederick County, Maryland, is removable to the United States District Court for the District of Maryland, Northern Division.

## III. RULE OF UNANMITY

12. The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the Action must either join in the removal, or consent to the removal. *See* 28 U.S.C. 1446(b)(2)(A), *see also HBCU Pro Football, LLC v. New Vision Sports Properties, LLC*, CIV. WDQ-10-0467, 2010 WL 2813459, at *2 (D. Md. July 14, 2010). Defendant Digi was served with Plaintiff's Complaint on May 2, 2018. Digi consents to this Notice of Removal as indicated below. *See Mayo v. Bd. of Educ. of Prince George's County*, 713 F.3d 735, 742 (4th Cir. 2013). Accordingly, all Defendants have joined or have consented to the removal of this Action.

## IV. NOTICE GIVEN

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the instant Notice of Removal will be promptly served on all Parties, and a copy will be promptly filed with

the Clerk of the Court for the Circuit Court for Frederick County, Maryland. A copy of the Notice of Filing of Notice of Removal that will be promptly served on all Parties and filed with the Clerk of the Court for the Circuit Court for Frederick County, Maryland is attached hereto as **Exhibit "M."**

### V. REMOVAL IS TIMELY

14. As stated above, while the Removing Defendants have not yet been served with Plaintiff's Complaint, the Removing Defendants first received a copy of Plaintiff's Complaint on April 17, 2017. The instant Notice of Removal has been timely filed within thirty (30) days of the Removing Defendants' receipt of the Complaint as required by 28 U.S.C. § 1446(b). Accordingly, removal of this Action to the United States District Court for the District of Maryland, Northern Division is proper and timely.

### VI. PLEADINGS AND PROCESS

15. As required by 28 U.S.C. § 1446(a) and Local Rule 103, the Removing Defendants have attached copies of all circuit court process, pleadings, documents, orders, and other papers or exhibits of every kind to this Notice of Removal. True and legible copies of all process, pleadings, documents, orders, and other papers or exhibits of every kind on file in the Circuit Court for Frederick County, Maryland are attached hereto as **Exhibits "A" through "L."**

### VII. VENUE

16. Pursuant to 28 U.S.C. § 1441(a), venue in this district is proper because this Action is currently pending in the Circuit Court for Frederick County, Maryland, a court sitting within the United States District Court for the District of Maryland, Northern Division.

### VIII. NON-WAIVER OF DEFENSES

17. Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of the Removing Defendants', or Digi's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to Fed. R. Civ. P. 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 103 this Court has jurisdiction over this Action, and Defendants Harry Schechter, Jeremy MacDonald, and Schechter Tech LLC d/b/a Tempalert LLC, consented to by Defendant Digi International Inc., hereby remove this Action from the Circuit Court for Frederick County, Maryland to this United States District Court for the District of Maryland, Northern Division.

Dated: May 14th, 2018.

Respectfully submitted,

By: *Evan Shea / by STS w/ permission*

EVAN T. SHEA
Bar No. 28677
Email: etshea@venable.com
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Tel: (410) 528-4649
Fax: (410) 244-7742
*Attorneys for Defendants Harry Schechter, Jeremy MacDonald, and Schechter Tech LLC d/b/a Tempalert LLC*

By: _____

BETH-ANN E. KRIMSKY
Fla. Bar No. 968412
*Pro Hac Vice Application Anticipated*
Email: beth-ann.krimsky@gmlaw.com
DANIEL C. MAZANEC
Fla. Bar No. 88737
*Pro Hac Vice Application Anticipated*
Email: daniel.mazanec@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-2427

Notice of Removal
*Felichoko v. Schechter, et al.*

Fax: (954) 333-4027
*Attorneys for Defendants Harry Schechter, Jeremy MacDonald, and Schechter Tech LLC d/b/a Tempalert LLC*

*Consent to the Removal by Defendant Digi International Inc.:*

By: _____
JEAN E. LEWIS
Bar No. 27562
Email: jlewis@kg-law.com
**KRAMON & GRAHAM PA**
One South Street, Suite 2600
Baltimore, MD 21202
Tel: (410) 347-7409
Fax: (410) 539-1269
*Attorneys for Defendant Digi International Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of May 2018, a copy of the foregoing Notice of Removal was mailed, first-class mail, postage prepaid to: Jodie E. Buchman, Esq. and Pierce C. Murphy, Esq., Silverman Thompson Slutkin & White, LLC, *Attorneys for Plaintiff Kevin Felichko*, 201 North Charles Street, Suite 2600, Baltimore, Maryland, 21201; and Jean E. Lewis, Esq., Kramon & Graham PA, *Attorneys for Defendant Digi International Inc.*, One South Street, Suite 2600, Baltimore, MD 21202.

By: Evan Shea / by STS with permission
EVAN T. SHEA
Bar No. 28677